UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jose H. Calderon, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case: 1:15-cv-00075 |
| v. ) | Assigned To : Unassigned |
| ) | Assign. Date : 1/15/2015 |
| ) | Description: Pro Se Gen. Civil |
| Judge Eric Brown *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted a complaint and an application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A, which requires the Court to screen and dismiss a prisoner's complaint upon a determination that it fails to state a claim upon which relief may be granted or seeks monetary relief from an immune defendant. *See id.* § 1915A(b).

Plaintiff is an Ohio state prisoner suing a judge and two individuals residing or working in Columbus, Ohio. The allegations in the complaint are vague but plaintiff seems to sue Judge Eric Brown for decisions he made during post-conviction proceedings held in 2006 in the Franklin County (Ohio) Court of Common Pleas. *See* Compl. at 5. Plaintiff seeks "freedom and discharge" and monetary relief. *Id.* at 6.

As a general rule applicable here, this Court lacks subject matter jurisdiction to review the decisions of another court and, therefore, cannot entertain plaintiff's claim for injunctive relief. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) (applying *District of*

*Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). In addition, the judicial defendant is absolutely immune from this lawsuit based on acts taken during the performance of his official duties. *See Mirales v. Waco*, 502 U.S. 9, 11-12 (1991); *Thanh Vong Hoai v. Superior Court for District of Columbia*, 344 Fed. Appx. 620 (D.C. Cir. 2009) (per curiam); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993).

In all other respects, the complaint fails because it contains no discernable allegations against the remaining Ohio-based defendants. *See* Fed. R. Civ. P. 8(a) (requiring complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("A pleading that offers labels and conclusions or . . . naked assertions devoid of further factual enhancement" does not satisfy Rule 8(a)) (citation, internal quotation marks, and alteration omitted). In addition, it is unlikely that this Court sitting in the District of Columbia is capable of exercising personal jurisdiction over the defendants in Ohio. Hence this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: January 13, 2015

United States District Judge